E-FILED  2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **ANDREW SIMONI, SARAH MERRILL and BENJAMIN SIEVE,** | **CASE NO. _____** |
| **Plaintiffs,** | |
| vs. | |
| **THE CITY OF BONDURANT,** | **PETITION AT LAW AND JURY DEMAND** |
| **Defendant.** | |

**COME NOW**, the Plaintiffs, Andrew Simoni, Sarah Merrill, and Benjamin Sieve, by and through their undersigned counsel, and for their Petition at Law and Jury Demand, respectfully state as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Andrew Simoni (hereinafter "Mr. Simoni") was at all times material hereto a citizen and resident of Polk County, Iowa.

2.      Plaintiff Sarah Merrill (hereinafter "Ms. Merrill") was at all times material hereto a citizen and resident of Polk County, Iowa.

3.      Plaintiff Benjamin Sieve (hereinafter "Mr. Sieve") was at all times material hereto a citizen and resident of Polk County, Iowa.

4.      Defendant City of Bondurant, Iowa (hereinafter "City" or "Defendant") is a municipal corporation organized under the laws of the State of Iowa and conducts business in Polk County, Iowa.

5.      Subject matter and personal jurisdiction of the District Court is proper pursuant to Iowa Code §602.6101.

1

E-FILED  2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

6.      Venue is proper in the District Court for Polk County, pursuant to Iowa Code §616.18, as the county where the injury and damages occurred.

7.      The amount in controversy exceeds the jurisdictional minimum amount.

## GENERAL FACTUAL ALLEGATIONS

8.      Plaintiffs replead the preceding paragraphs as if fully set forth herein.

9.      Plaintiff Sarah Merrill has been employed by the Defendant City of Bondurant as a firefighter and/or paramedic from August 12, 2024, through the present.

10.     On June 16, 2025, Ms. Merrill earned the rank of Captain and continues to hold that rank.

11.     On April 25, 2025, Plaintiff Andrew Simoni was hired as a Captain by the City.

12.     Mr. Simoni has held the rank of Captain from April 25, 2025, through the present.

13.     On June 23, 2025, Plaintiff Benjamin Sieve was hired as a Captain by the City.

14.     Mr. Sieve has held the rank of Captain from June 23, 2025, through the present.

15.     Throughout their employment, Plaintiffs have engaged in fire protection activities and performed the same duties as employees classified and employed by the City as firefighters and paramedics.

E-FILED  2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

16.     Employees classified and employed by the City as firefighters and paramedics perform the same duties as the Plaintiffs and are considered to be "non-exempt" for the purposes of calculating overtime and work a forty-hour a week schedule.

17.     Upon information and belief after considerable review of City policies and pay records, the City has not formally adopted a Fair Labor Standards Act Section 207(k) schedule.

18.     Pursuant to section 2-7 of the City of Bondurant employee handbook, any "non-exempt employee who works overtime will be compensated at the rate of one and one-half times (1.5) their normal hourly wage for all time worked in excess of 40 hours each week, unless otherwise required by law."

19.     Pursuant to section 2-7 of the City's employee handbook, "the workweek begins at 12 a.m. on Monday and ends 168 hours later at 12 a.m. on the following Monday."

20.     Individuals classified and employed as firefighters and paramedics are compensated at the rate of one and one-half times (1.5) their normal hourly wage for all hours worked in excess of forty in each workweek.

21.     Each Plaintiff has also consistently worked forty-two-hour workweeks throughout their employment, including in their roles as Captains.

22.     Additionally, each Plaintiff has also worked hours in excess of fifty-five hours per workweek throughout their employment in their roles as Captains.

E-FILED  2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

23.    Despite the fact that Plaintiffs perform the same duties as other firefighters and/or paramedics, the City has attempted to classify the Plaintiffs as "exempt" employees to avoid paying Plaintiffs overtime as required by law.

24.    Plaintiffs made the City aware of this misclassification on October 20, 2025.

25.    Despite being non-exempt, the City has failed to compensate the Plaintiffs for the overtime work they have performed.

26.    The City has also agreed to pay the Plaintiffs holiday benefits under section 3-2 of the City's employee handbook.

27.    Specifically, the City has agreed to pay Plaintiffs one-day's pay for the following Holidays: New Year's Eve after noon, New Year's Day, President's Day, Martin Luther King, Jr. Day, Memorial Day, Independence Day, Labor Day, Veterans' Day, Thanksgiving Day, Additional Christmas Holiday after noon, Christmas Eve, and Christmas Day.

28.    The City has failed to compensate the Plaintiffs for their promised holiday benefits.

## CAUSES OF ACTION
### COUNT I – VIOLATION OF IOWA CODE CHAPTER 91A
#### (*All Plaintiffs against Defendant*)

29.    Plaintiffs replead the preceding paragraphs as if fully set forth herein.

30.    Defendant City of Bondurant was, at all times material hereto, the Plaintiffs' employer, as defined in Iowa Code §91A.2.

**Exhibit A - Page 4 of 16**

E-FILED 2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

31.    Under Iowa Code §91A.8, Plaintiffs are entitled to recover wages, compensation, and benefits they should have been paid by the City.

32.    Pursuant to the policies of the City, Plaintiffs were entitled to overtime pay for hours worked each week in excess of forty hours.

33.    The City has failed to pay Plaintiffs their overtime wages that are due.

34.    Pursuant to the policies of the City, Plaintiffs were entitled to holiday pay.

35.    The City has failed to pay any of the specific wages, compensation, and benefits due to Plaintiffs under to the City's policies related to holiday pay and accrual.

36.    As a result of the City's refusal to pay any of the specific wages, compensation, and benefits due to Plaintiffs per the City's policies, Plaintiffs are entitled to the following damages under Iowa Code §91A.8:

    a.  Wages, compensation, and benefits the City intentionally failed to pay in an amount determined at trial;

    b.  Liquidated damages equal to the wages, compensation, and benefits the City intentionally failed to pay and interest as allowed by law;

    c.  Court costs; and

    d.  Any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary.

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendant in an amount including unpaid wages, compensation, and benefits to be determined at trial,

E-FILED 2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

liquidated damages equal to unpaid wages and benefits, interest as allowed by law, court costs, attorney fees, and such other relief as the Court deems just and equitable.

### COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. §201 ET SEQ.
### Failure to Compensate for Overtime Work
### (*Plaintiff Andrew Simoni against Defendant*)

37.     Plaintiff Andrew Simoni repleads the preceding paragraphs as if fully set forth herein.

38.     Defendant City of Bondurant is, and has been at all times material hereto, an "employer" subject to the overtime provisions of the Fair Labor Standards Act ("FLSA").

39.     The City is, and has been at all times material hereto, a "public agency" subject to the overtime provisions of the FLSA.

40.     The City has employed Mr. Simoni from April 2025 through the present.

41.     More specifically, the City has employed Mr. Simoni as a Captain from April 25, 2025, through the present.

42.     Mr. Simoni was at all times material hereto an "employee in fire protection activities" as defined by the FLSA.

43.     The City employed more than five employees in fire protection activities during each workweek in which it employed Mr. Simoni.

44.     At all times material hereto, Mr. Simoni was a covered, non-exempt employee subject to the protections of the FLSA.

45.     The City has not formally adopted a Fair Labor Standards Act Section 207(k) schedule.

46.    The City misclassified Mr. Simoni as exempt from the FLSA's overtime provisions.

47.    The City was put on notice of the misclassification of Mr. Simoni's FLSA status no later than October 20, 2025.

48.    The City compensates all "non-exempt" employees at the rate of one and one-half times (1.5) their normal hourly wage for all hours worked in excess of forty in each workweek.

49.    At various points during his employment with the City, Mr. Simoni worked longer than forty hours during a workweek.

50.    Mr. Simoni consistently worked a forty-two-hour workweek.

51.    Mr. Simoni has also worked hours in excess of fifty-five hours per week throughout his employment in the role of Captain.

52.    The City failed to compensate Mr. Simoni at the legally-required rate of overtime pay for hours worked in excess of forty hours during a workweek.

53.    The City's failure to compensate Mr. Simoni at the legally-required rate of overtime pay for hours worked in excess of forty hours during a workweek was willful; therefore, Mr. Simoni is entitled to liquidated damages.

54.    The City failed to compensate Mr. Simoni at the legally-required rate of pay for all hours worked during a workweek.

55.    Pending an examination of those records concerning the unpaid wages which are or should be in the possession and control of the City, Mr. Simoni is unable to state at this time the exact amount owed him.

E-FILED  2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

**WHEREFORE,** Plaintiff Andrew Simoni prays for judgment against the Defendant in an amount including unpaid wages, compensation, and benefits to be determined at trial, liquidated damages equal to unpaid wages and benefits, interest as allowed by law, court costs, attorney fees, and such other relief as the Court deems just and equitable.

### COUNT III – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. §201 ET SEQ.
### Failure to Compensate for Overtime Work
### (*Plaintiff Sarah Merrill against Defendant*)

56. Plaintiff Sarah Merrill repleads the preceding paragraphs as if fully set forth herein.

57. Defendant City of Bondurant is, and has been at all times material hereto, an "employer" subject to the overtime provisions of the FLSA.

58. The City is, and has been at all times material hereto, a "public agency" subject to the overtime provisions of the FLSA.

59. The City has employed Ms. Merrill from August 2024 through the present.

60. More specifically, the City has employed Ms. Merrill as a firefighter and/or paramedic from August 12, 2024, through the present.

61. Ms. Merrill has held the rank of Captain from June 16, 2025, through the present.

62. Ms. Merrill was at all times material hereto an "employee in fire protection activities" as defined by the FLSA.

E-FILED 2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

63.    The City employed more than five employees in fire protection activities during each workweek in which it employed Ms. Merrill.

64.    At all times material hereto, Ms. Merrill was a covered, non-exempt employee subject to the protections of the FLSA.

65.    The City has not formally adopted a Fair Labor Standards Act Section 207(k) schedule.

66.    The City misclassified Ms. Merrill as exempt from the FLSA's overtime provisions.

67.    The City was put on notice of the misclassification of Ms. Merrill's FLSA status no later than October 20, 2025.

68.    The City compensates all "non-exempt" employees at the rate of one and one-half times (1.5) their normal hourly wage for all hours worked in excess of forty in each workweek.

69.    At various points during her employment with the City, Ms. Merrill worked longer than forty hours during a workweek.

70.    Ms. Merrill consistently worked a forty-two-hour workweek.

71.    Ms. Merrill has also worked hours in excess of fifty-five hours per week throughout her employment in the role of Captain.

72.    The City failed to compensate Ms. Merrill at the legally-required rate of overtime pay for hours worked in excess of forty hours during a workweek.

E-FILED  2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

73.     The City's failure to compensate Ms. Merrill at the legally-required rate of overtime pay for hours worked in excess of forty hours during a workweek was willful; therefore, Ms. Merrill is entitled to liquidated damages.

74.     The City failed to compensate Ms. Merrill at the legal-required rate of pay for all hours worked during a workweek.

75.     Pending an examination of those records concerning the unpaid wages which are or should be in the possession and control of the City, Ms. Merrill is unable to state at this time the exact amount owed her.

**WHEREFORE,** Plaintiff Sarah Merrill prays for judgment against the Defendant in an amount including unpaid wages, compensation, and benefits to be determined at trial, liquidated damages equal to unpaid wages and benefits, interest as allowed by law, court costs, attorney fees, and such other relief as the Court deems just and equitable.

### COUNT IV – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. §201 ET SEQ.
### Failure to Compensate for Overtime Work
### (*Plaintiff Benjamin Sieve against Defendant*)

76.     Plaintiff Benjamin Sieve repleads the preceding paragraphs as if fully set forth herein.

77.     Defendant City of Bondurant is, and has been at all times material hereto, an "employer" subject to the overtime provisions of the FLSA.

78.     The City is, and has been at all times material hereto, a "public agency" subject to the overtime provisions of the FLSA.

79.     The City has employed Mr. Sieve from June 2025 through the present.

80.    More specifically, the City has employed Mr. Sieve from June 23, 2025, through the present at the rank of Captain.

81.    Mr. Sieve was at all times material hereto an "employee in fire protection activities" as defined by the FLSA.

82.    The City employed more than five employees in fire protection activities during each workweek in which it employed Mr. Sieve.

83.    At all times material hereto, Mr. Sieve was a covered, non-exempt employee subject to the protections of the FLSA.

84.    The City has not formally adopted a Fair Labor Standards Act Section 207(k) schedule.

85.    The City misclassified Mr. Sieve as exempt from the FLSA's overtime provisions.

86.    The City was put on notice of the misclassification of Sieve's FLSA status no later than October 20, 2025.

87.    The City compensates all "non-exempt" employees at the rate of one and one-half times (1.5) their normal hourly wage for all hours worked in excess of forty in each workweek.

88.    At various points during his employment with the City, Mr. Sieve worked longer than forty hours during a workweek.

89.    Mr. Sieve consistently worked a forty-two-hour workweek.

90.    Mr. Sieve has also worked hours in excess of fifty-five hours per week throughout his employment in the role of Captain.

**Exhibit A - Page 11 of 16**

E-FILED  2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

91.     The City failed to compensate Mr. Sieve at the legally-required rate of overtime pay for hours worked in excess of forty hours during a workweek.

92.     The City's failure to compensate Mr. Sieve at the legally-required rate of overtime pay for hours worked in excess of forty hours during a workweek was willful; therefore, Mr. Sieve is entitled to liquidated damages.

93.     The City failed to compensate Mr. Sieve at the legally-required rate of pay for all hours worked during a workweek.

94.     Pending an examination of those records concerning the unpaid wages which are or should be in the possession and control of the City, Mr. Sieve is unable to state at this time the exact amount owed him.

**WHEREFORE,** Plaintiff Benjamin Sieve prays for judgment against the Defendant in an amount including unpaid wages, compensation, and benefits to be determined at trial, liquidated damages equal to unpaid wages and benefits, interest as allowed by law, court costs, attorney fees, and such other relief as the Court deems just and equitable.

**BOLES WITOSKY STEWART LAW PLLC**

BY: */s/ Christopher Stewart*

Christopher Stewart        AT0013127
Marrissa Pasker            AT0016148
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Fax: (515) 243-3696
Email: chris@bwsiowa.com
         marrissa@bwsiowa.com
**ATTORNEYS FOR PLAINTIFFS**

E-FILED  2025 DEC 08 9:25 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| ANDREW SIMONI, SARAH MERRILL and BENJAMIN SIEVE, | CASE NO. _____ |
| **Plaintiffs,** | |
| vs. | |
| THE CITY OF BONDURANT, | **ORIGINAL NOTICE** |
| **Defendant.** | |

**TO THE ABOVE-NAMED DEFENDANT: THE CITY OF BONDURANT**

You are notified a Petition and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition is attached to this Original Notice.  Plaintiff's attorneys are C**hristopher Stewart and Marrissa Pasker of Boles Witosky Stewart Law PLLC, 2015 Grand Avenue, Suite 200, Des Moines, Iowa 50312.**

This Petition was filed on December 8, 2025.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING.  FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM.  FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Plaintiff's claim together with interest and court costs.

**NOTE:**  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990.  If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.**

1

E-FILED  2025 DEC 10 9:08 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **CVCV070301** |
| *County* | **Polk** |

*Case Title*  ANDREW SIMONI ET AL VS THE CITY OF BONDURANT

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **12/10/2025 09:08:22 AM**



*District Clerk of Court or/by Clerk's Designee of*  Polk                              *County*
**/s/ Jeremy Alvarez**

E-FILED  2025 DEC 16 4:03 PM POLK - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case:<br>CVCV070301 | Court:<br>Polk County District Court | County:<br>Polk, IA | Job:<br>14761432 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Andrew Simoni; Sarah Merrill; Benjamin Sieve | | Defendant / Respondent:<br>The City of Bondurant | |
| Received by:<br>HSPS Legal Services | | For:<br>Boles, Witosky, Stewart Law, PLLC | |
| To be served upon:<br>The City of Bondurant | | Court Date: | |

I, John Kerr, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Shelby Hagan, City Hall: 200 2nd St NE, Bondurant, IA 50035

Manner of Service:          Government Agency, Dec 15, 2025, 11:25 am CST

Documents:                  Original Notice; Petition at Law and Jury Demand (Received Dec 10, 2025 at 1:21pm CST)

Additional Comments:
1) Successful Attempt: Dec 15, 2025, 11:25 am CST at City Hall: 200 2nd St NE, Bondurant, IA 50035 received by Shelby Hagan. (Server's visual approximation) Age: 40; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'9"; Hair: Red; Other: City Clerk; Served documents to the city clerk who is authorized to accept legal documents.

Fees: 00

State of:    IOWA                    )
                                     ) SS:
County of:   POLK                    )

_____  12-16-2025
John Kerr                    Date

HSPS Legal Services
327 2nd Street Suite 200
Coralville, IA 52241
319-354-2010

Signed and sworn to before me, a notary public, on this
_16_ day of _DEC_, _2025_

_____
Notary Public
March 21, 2026

My Commission Expires

TAYLOR S. CHAPMAN
Commission Number 846870
My Commission Expires
March 21, 2026

**Exhibit A - Page 15 of 16**

E-FILED  2025 DEC 22 12:01 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| **ANDREW SIMONI ET AL**<br>**PLAINTIFFS,**<br><br>**vs.**<br><br>**CITY OF BONDURANT,**<br>**DEFENDANT.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 05771 CVCV070301**<br><br><br><br>**APPEARANCE** |

COMES NOW, Matthew S. Brick, and hereby enters an Appearance on behalf of the Defendant City of Bondurant in the above-entitled action.

Respectfully submitted,

By:     */s/ Matthew S. Brick*
          Matthew S. Brick AT0001081
          BRICK GENTRY, P.C.
          6701 Westown Parkway, Suite 100
          West Des Moines, Iowa 50266
          515-274-1450 Telephone
          515-274-1488 Facsimile
          Matt.Brick@brickgentrylaw.com
          ATTORNEY FOR DEFENDANT

---

**NOTICE OF ELECTRONIC FILING**

Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served via EDMS.

By: */s/ Matthew Brick*

---